## VALMONT D. TERREBONNE *v.* MICHAEL WALSH.

The plaintiff had sold a slave, having with her a young child. In the act of sale, no mention was made of the child. He instituted suit for the child. *Held:* That as the right to rescind the sale of the mother was not claimed in the suit, and that, as it appeared, the purchaser was aware of the existence of the child at the time of the sale, the plaintiff must be regarded as the owner of the child, and was entitled to its possession when it reached ten years of age, or upon the death of the mother, if she died before that time; and that, in the meantime, the purchaser must bear the burden of supporting the child.

APPEAL from the District Court of Lafourche, *Randall*, J. *J. C.* aud *A. Beatty*, for plaintiff. *Winchester Hall*, for defendant. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff is the administrator of the succession of *Bridget Lyons*. The succession is the owner of a slave, named *Polly*, sold to *Mrs. Lyons;* and the plaintiff claims, by virtue of that sale, the ownership of a young child, which was born of *Polly* before the sale. It does not expressly appear,

that *Walsh* intended to part with the ownership of the child. The deed of sale expresses no such intention; his retaining possession of the child after the sale of the mother, contradicts, so far as the acts of the parties go, such an intention; and there is, therefore, nothing for the plaintiff's claim to rest upon, but the implication, which, it is said, the law will make in such a case. The law forbids the mother to be sold, separately, from the child, which has not attained the age of ten years; and therefore, it is argued, the child must be considered as an accessory, and as passing with the sale of the mother.

The legislation invoked was dictated by considerations of humanity, and was intended to secure to the child the maternal care during its tender years. We are excluded in this action, and under the circumstances of the present case, from the inquiry, whether the sale of the mother, by reason of her being sold without a simultaneous and concurrent sale of the child, could be rescinded. The ownership of the mother is not now disputed. The sole inquiry which can be entertained in this cause, is, in whom are vested the ownership and right of possession of the child? Our opinion is, that the defendant has not lost the ownership of the child, it being not an accessory of the mother, in an unqualified sense. But until the child has attained the age of ten years, or the death of the mother prior to that event, it cannot lawfully be separated from the mother; and therefore, the plaintiff's action for the possession of the child is well founded.

It is proper to observe, that under the evidence, we must consider the vendee as knowing the existence of the child at the time of the purchase of the mother. If, therefore, the rearing of the child be onerous, the burden is the result of the purchaser's own fault.

It is therefore decreed, that the judgment of the district court be reversed; that the plaintiff recover the possession of the child, mentioned in the petition; that the defendant be enjoined from attempting to separate the child from its mother, until the said child has attained the age of ten years, at which time, or on the death of the mother, if she should sooner die, the said defendant may resume said possession as owner of the child; that the costs of the suit in the court below be paid by the defendant, and that the costs of the appeal be paid by the plantiff.